**21 MAG 9307**

Approved: _____
THOMAS MCKAY
Assistant United States Attorney

Before:   THE HONORABLE GABRIEL W. GORENSTEIN
          United States Magistrate Judge
          Southern District of New York

------------------------------------X
                                    :
UNITED STATES OF AMERICA            :   SEALED COMPLAINT
                                    :
                                    :   Violations of 18 U.S.C.
            -v.-                    :   §§ 922(g)(1) and
                                    :   924(a)(2).
MAURICE HICKS,                      :
                                    :   COUNTY OF OFFENSE:
            Defendant.              :   BRONX
                                    :
------------------------------------X

SOUTHERN DISTRICT OF NEW YORK, ss.:

JASON LANDUSKY, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD") and charges as follows:

COUNT ONE

1.  On or about August 25, 2021, in the Southern District of New York, MAURICE HICKS, the defendant, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess a firearm, to wit, one loaded 9mm Taurus semiautomatic pistol, and the firearm was in and affecting commerce.

(Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).)

The bases for my knowledge and the foregoing charges are, in part, as follows:

2.  I have been involved in the investigation of this matter, and I base this affidavit on that experience, as well as on my conversations with other law enforcement agents, and my examination of various reports and records. Because this affidavit is being submitted for the limited purpose of

demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3. Based on my review of criminal history records and court records relating to MAURICE HICKS, the defendant, I know the following:

   a. On or about March 21, 2002, HICKS pled guilty in New York County Supreme Court to one count of attempted assault in the second degree with intent to cause physical injury with a weapon/instrument, in violation of New York Penal Law Section 120.05(2), which is a Class E felony that carries a maximum term of imprisonment of four years. On or about March 25, 2012, HICKS was sentenced to a term of imprisonment of one year.

   b. On or about February 9, 2004, HICKS pled guilty in United States District Court for the Southern District of New York to one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2), which carries a maximum term of imprisonment of ten years. On or about March 21, 2005, HICKS was sentenced to a term of 30 months' imprisonment.

4. Based on my review of a recording of a 911 call and a report generated based on that call, I have learned the following, in substance and in part:

   a. On August 25, 2021, at approximately 5:27 a.m., a complaining victim (the "CV") placed a call to 911. The CV stated that her ex-boyfriend took her phone, broke it, and tried to beat her up.

   b. The CV identified her ex-boyfriend by name as MAURICE HICKS, the defendant, and described him as being approximately 5 feet and 9 inches tall, with brown skin and wearing a white shirt, black pants, and black durag.

   c. The CV stated that HICKS had a gun between his legs in his jock strap.

   d. The CV stated that HICKS was on the corner of East 170th Street and Third Avenue in the Bronx, New York.

e. The CV gave her surname[1] and a phone number at which she could be reached.

5. Based on my participation in interviews with two NYPD officers ("Officer-1" and "Officer-2"), I have learned the following, in substance and in part:

a. On August 25, 2021, at approximately 5:35 a.m., Officer-1 and Officer-2 were patrolling the 42nd Precinct in a police car, with Officer-2 driving, Officer-1 in the passenger's seat, and a third officer in the backseat.

b. Officer-1 saw on her NYPD phone a report listing the information contained in the 911 call described above. Officer-1 read the description of the suspect with a gun aloud to the other officers in the car.

c. Officer-1 and Officer-2 saw an individual walk across the street and enter a deli at 3706 Third Avenue in the Bronx, New York (the "Deli"), which is near the corner on which the CV stated MAURICE HICKS, the defendant, was located. That individual otherwise matched the description given by the CV, but wore grey pants, not black pants.

d. Officer-1 called the CV, who told Officer-1 that she was in a nearby store, that HICKS was going into the Deli, and that HICKS was in fact wearing grey pants, as well as white sneakers.

e. Officer-1 and Officer-2 exited their vehicle and entered the Deli. Officer-2 spoke briefly with HICKS and asked him for identification, which HICKS provided.

f. After confirming HICKS' identity, Officer-2 frisked HICKS, beginning with the jock strap area where the CV had stated HICKS was holding a gun. Officer-2 immediately felt a hard metal object consistent with a firearm, and shouted "92" to indicate to the other officers that HICKS should be placed under arrest.

g. HICKS began locking his arms and resisting the efforts of Officer-1 to place him in handcuffs. Meanwhile, Officer-2 kept his hand on the firearm so that HICKS could not grab it. As the officers struggled to place HICKS in handcuffs,

---

[1] Based on my review of the recording of the 911 call, it appears that the CV also stated her first name, although it is difficult to hear and her first name was not included in the report.

3

another officer ("Officer-3") managed to remove the firearm from HICKS' pants, and the officers ultimately succeeded in placing HICKS in handcuffs.

       h.  Officer-3 handed the firearm to Officer-2, who transported it to the precinct for processing.

    6.  I have reviewed body-worn camera footage from Ofifcer-1 and Officer-2, as well as several other officers present at the scene. That footage, which begins as Officer-1 and Officer-2 exit their vehicle and enter the Deli, is consistent with the description of events given by Officer-1 and Officer-2.

    7.  I have reviewed an NYPD evidence voucher and an NYPD firearm examination report that identify the firearm that was recovered as a loaded, 9mm Taurus semiautomatic pistol.

    8.  I have communicated with a Special Agent with the United States Department of Justice Bureau of Alcohol, Tobacco, Firearms and Explosives, who is familiar with the manufacture of firearms. The Special Agent confirmed that the firearm recovered from MAURICE HICKS, the defendant, was manufactured outside of the State of New York.

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of MAURICE HICKS, the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

/s/ sworn telephonically
_____
JASON LANDUSKY
Detective
New York Police Department

Sworn to me through the transmission
of this Complaint by reliable electronic
means, pursuant to Federal Rules of
Criminal Procedure 41(d)(3) and 4.1, this
27th day of September, 2021

_____
THE HONORABLE GABRIEL W. GORENSTEIN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK